IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM HOLLINGSWORTH and ANDRENIA HOLLINGSWORTH<br><br>Plaintiffs,<br><br>v.<br><br>ISAAC'S MOVING AND STORAGE<br>        Defendant. | :<br>:<br>:   C.A. NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:

Defendant, Isaac's Relocation Service ("incorrectly designated as Isaac's Moving and Storage") by and through its attorneys, Rawle and Henderson, LLP, respectfully avers as follows:

1. On or about April 15, 2005, Plaintiffs Andrenia and William Hollingsworth (collectively "the Hollingsworths"), commenced an action in the Justice of the Peace Court No. 12 in and for New Castle County, Delaware in an action entitled <u>William Hollingsworth and Andrenia Hollingsworth v. Isaac's Moving and Storage</u> (Civil Action No. J0504015012). A copy of Plaintiffs' Complaint is annexed hereto as Exhibit "A".

2. Service of process was made on defendant Isaac's Relocation Service (hereinafter referred to as "Isaac's"), by registered mail on or about May 26, 2005 at 2554 State Road, Bensalem, Pennsylvania. A copy of the envelope which contained the Complaint, showing the date of service, is annexed hereto as part of Exhibit "B".

3. This Notice of Removal is filed within thirty (30) days of Isaac's receipt of the Complaint by service or otherwise, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

4. As recited in the Complaint (Exhibit "A"), this matter concerns a civil action for (1) tariff charge refund or overcharge; (2) breach of a contract arising out of the interstate transportation of Plaintiffs household goods from Philadelphia, Pennsylvania to Bear, Delaware; and (3) damage to property.

5. At all times relevant hereto, Isaac's was an interstate motor carrier of household goods operating under the authority of the Interstate Commerce Act ("ICA") and the United State Department of Transportation, Surface Transportation Board ("STB").

6. Isaac's is sued herein under the laws of the United States, specifically the ICA and the Code of Federal Regulations ("CFR"). Therefore, federal law exclusively governs Plaintiffs' claims and alleged damages.

7. Isaac's is and was at all relevant times an interstate motor carrier authorized to perform transportation of goods in interstate commerce pursuant to its tariffs, which are published pursuant to 49 U.S.C. § 13702.

8. Isaac's Bill of Lading terms and conditions, tariff provisions, the ICA and CFR rules and regulations govern this action.

9. Title 28 U.S.C. § 1441(b) provides, in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or rights arising under the. . laws of the United States

shall be removable without regard to the citizenship or residence of the parties. . .

10   To determine whether an action "arises under" federal law for the purpose of federal question removal, the Court must look to the Complaint. See, e.g., American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co., 422 F.2d 462, 463-468 ( Cir. 1970).

11.   The Complaint (Exhibit 'A") alleges Isaac's breach of an interstate Bill of Lading agreement, including a claim for a tariff charge refund, which claims are exclusively governed by 49 U.S.C. § 13704, 13706, 13707, 13710 and 14705, irrespective of the amount in controversy. Thurston Motor Lines, Inc. v. Rand Ltd., 460 U.S. 533 (1983); Ford Motor Co. v. Transport lndem. Co. 795 F. 2d 538, 545 (6th Cir. 1986); Kansas City Terminal Ry. Co. V. Jordon Mfg. Co. ,750 F. 2d 551, 552 (7th Cir. 1984).

12.   The United States Supreme Court held in Thurston Motor Lines, Inc. v. Rand ,460 U.S. at 535:

> As to interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligations.

13.   In Hughes Transportation v. United States, 121 F. Supp. 212, 228 (Ct. Cl. 1954), the Court of Claims held:

> Transportation contracts, like contracts for services in most of the other state or federally regulated industries, such as communications and power and light, etc., are fundamentally different from the ordinary contract in that the respective duties of the contracting parties are carefully defined by statute, and their rights--indeed, their very freedom to contract in certain respects--are strictly limited by those statutes regardless of the parties'

knowledge of those restrictions or of their manifest desire to contract otherwise.

14. The United States Supreme Court has consistently held that interstate Bills of Lading are creatures of federal law and governed thereunder:

> The Bill of Lading is the basic transportation contract between the shipper and the carrier; its terms and conditions bind the hipper and all . . carriers. Texas and Pacific R. Co. v. Leatherwood 250 U.S. 478, 481 (1991). Each [ has in effect the force of statute, of which all affected must take notice.

Southern Pacific Transportation Co. v. Commercial Metals, 456 U.S. 336, 342-343 1982).

15. The principle that an interstate Bill of Lading must be construed under federal law was reiterated in Allis-Chalmers Corp. v. Lueck , 471 U.S. 202, 214, 85 L.Ed.2d 206 (1985):

> While the nature of the state tort is a matter of state law, the question whether the Wisconsin tort is sufficiently independent of federal contract interpretation to avoid preemption is, of course, a question of federal law.

16. In Illinois Steel Co. v. Baltimore and Ohio Co,. 320 U.S. 508, 510-511 (1944) the Supreme Court held that an interstate Bill of Lading and Tariff are predicates for federal jurisdiction:

> As the shipment was interstate, the bill of lading was issued pursuant to the Federal Act, the question whether the contract thus set forth had been discharged was necessarily a Federal question. The construction of the clauses of the bill of lading, adopted by the Commission and prescribed by Congress for interstate . . . shipments presents a federal question ... Such has been the consistent ruling of this Court... Since the clauses of the Uniform Bill of Lading govern the rights of the parties to an interstate shipment and are prescribed by Congress and the Commission in exercise of commerce power, they have the force of federal law and questions as to their meaning arise under the laws and Constitution of the United States.

17. As plaintiffs' claims are founded on Isaac's Bill of Lading, Isaac's published tariffs, the ICA and CFR, plaintiffs must rely entirely on federal law for any remedy. Garrett v. Time - D.C., Inc,. 502 F.2d 627 (9th Cir. 1974).

18. Based on the relevant facts and applicable law, this action arises under the laws of the United States within the meaning of 28 U.S.C. § 1331 and 1337.

19. Defendant desires to remove this action to the United States District Court for the District of Delaware.

20. Written notice of the filing of the within Notice of Removal will be given by the attorneys for the defendant to the Plaintiffs, as provided by law, and copies of this Petition will be filed with the Clerk of the Justice of the Peace Court in and for New Castle County, Delaware.

WHEREFORE, Defendant prays that this Court grant the removal of this case to the District Court of the United States for the District of Delaware, in which district this suit is pending.

                RAWLE & HENDERSON, LLP

                By:    /s/ Delia A. Clark
                     Delia A. Clark (DAC 3337)
                     Attorneys for Defendant
                     300 Delaware Avenue, Suite 1015
                     Wilmington, DE  19801
                     (302) 778-1200

## **CERTIFICATE OF SERVICE**

      It is hereby certified that a true and correct copy of the within-captioned Notice of Removal was served via first-class mail, postage prepaid, on counsel for plaintiffs listed below:

William and Andrenia Hollingsworth
191 Portside Court
Bear, DE  19701


                              RAWLE & HENDERSON, LLP

      By:_____/s/*Delia A. Clark*_____
                    Delia A. Clark (DAC 3337)
                    Attorneys for Defendants