IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM HOLLINGSWORTH and ANDRENIA HOLLINGSWORTH<br><br>Plaintiffs,<br><br>v.<br><br>ISAAC'S MOVING AND STORAGE<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. NO.:05-392 (~~GLS~~) JJF |

## ANSWER

Defendant, Isaac's Relocation Service ("incorrectly designated as Isaac's Moving and Storage") by and through its attorneys, Rawle and Henderson, LLP, respectfully avers as follows:

1.      Denied. The allegations in the sole paragraph of the complaint constitute conclusions of law to which no response is required under the rules of civil procedure and therefore same are denied. Not in derogation of the foregoing, defendant specifically denies that it overcharged plaintiffs. Further, defendant denies any allegation of negligence or damage to "rooms of furniture." By way of further answer, defendant is without information or knowledge sufficient to form a belief as to the truth of the averments contained in the Complaint, and therefore, said averments are denied. Strict proof of same will be required at the time of trial.

WHEREFORE, defendant demands that the claim be dismissed as to it and that judgment be entered in its favor and against plaintiffs, together with costs, fees and such other and further relief as may be appropriate.

1165536 v.1

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a cause of action against answering defendant for which relief can be granted.

2. Any damages claimed by plaintiffs, said damages being specifically denied by defendant, were caused by the culpable conduct of the plaintiffs, and not by any culpable conduct or negligence on the part of answering defendant in packing, loading, hauling or delivering the cargo.

3. Plaintiffs have failed to mitigate any alleged damages, said damages being specifically denied by answering defendant.

4. Plaintiffs' claim is time barred by the relevant Statute of Limitations, contract, bill(s) of lading, and/or tariff(s).

5. Plaintiffs have failed to establish that the cargo was tendered to defendant in good condition.

6. Plaintiffs have failed to establish that the cargo arrived at the consignee/shipper/destination in damaged condition.

7. Plaintiffs failed to give timely notice of a claim, as required by the contract(s) governing the shipment.

8. Plaintiffs' claims may be barred or limited, either in whole or in part, by their failure to fulfill their obligations under the shipping contract, bill of lading, applicable tariffs, classifications, service guides, regulations and similar controlling authority.

9. Plaintiffs' claims may be barred or limited, either in whole or in part, due to acts or omissions of the plaintiffs and/or shippers, including errors of the shippers or consignees in packing, loading or unloading.

10. Plaintiffs failed to give defendant adequate opportunity to inspect the allegedly damaged cargo and or personal property.

11. Plaintiffs' damages are speculative and, therefore, plaintiffs are barred from recovery.

12. The damages alleged by plaintiffs, said damages being specifically denied, were pre-existing and occurred before the shipment and/or transport at issue herein.

13. The damages alleged by plaintiffs, said damages being specifically denied, were caused by the inherent vice of the goods and/or the inherent defect of the goods.

14. The damages alleged by plaintiffs, said damages being specifically denied, were the result of mechanical breakdown or malfunction.

15. Plaintiffs' claims are barred because they failed to provide proof of value of the goods at time of tender pursuant to the contracts and/or bills of lading.

16. Plaintiffs' damages, said damages being specifically denied, are barred or limited, either in whole or in part, by the limitation of liability provisions contained in the bills of lading, shipping contracts, applicable tariffs, statutes, regulations and similar authorities.

17. Plaintiffs' claimed damages, other than for actual loss of the goods being shipped, are preempted. Additionally, certain of those damage claims are not foreseeable nor within the contemplation of the parties to the contract.

18. Defendant claims any and all other defenses available pursuant to the Carmack Amendment, 49 U.S.C. § 14706.

19. Defendant reserves the right to assert such further affirmative defenses as may become known through discovery or as this matter progresses.

WHEREFORE, defendant demands that the claim be dismissed as to it and that judgment be entered in its favor and against plaintiffs, together with costs, fees and such other and further relief as may be appropriate.

                        RAWLE & HENDERSON, LLP

By:    /s/ Delia A. Clark
       Delia A. Clark (DAC 3337)
       Attorneys for Defendant
       300 Delaware Avenue, Suite 1015
       Wilmington, DE 19801
       (302) 778-1200

1165536 v.1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Answer was served via first-class mail, postage prepaid, on counsel for plaintiffs listed below:

William and Andrenia Hollingsworth
191 Portside Court
Bear, DE  19701


RAWLE & HENDERSON, LLP

By:     /s/*Delia A. Clark*
          Delia A. Clark (DAC 3337)
          Attorneys for Defendants

1165536 v.1